This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                **No. A-1-CA-36321**

**CLARISSA LONG,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Hart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant Clarissa Long appeals from the district court's affirmance of her conviction after a jury trial in metropolitan court for harassment. This Court issued a

calendar notice proposing to adopt the district court's memorandum and, to the extent Defendant raised new issues in this Court, specifically that the language of NMSA 1978, Section 30-3A-2 (1997) is unconstitutionally vague, proposed to affirm due to the failure to raise the issue in the district court. Defendant filed a memorandum in opposition, following which this Court issued a second calendar notice still relying on the district court's memorandum opinion with respect to Defendant's challenge to the sufficiency of the evidence, but addressing Defendant's void-for-vagueness argument and proposing to affirm. Defendant has now filed a second memorandum in opposition. Having given due consideration to Defendant's second memorandum in opposition, we affirm.

{2}     Defendant maintains that the statute was unconstitutionally vague and that there was insufficient evidence to support that Defendant either intended for her conduct to annoy or harass or that her conduct created substantial emotional distress. Defendant's arguments remain largely the same, and to that extent we rely on the reasoning found in the district court's memorandum opinion and this Court's second notice of proposed disposition. To the extent Defendant continues to maintain that "the language of the statute is insufficient to warn individuals when it is unlawful to insist on speaking with a former boyfriend" and that "[t]he general public could not be expected to understand what was wrong with wanting to speak with someone when

the specific intent is not to harm the alleged victim, but to persuade him to accept responsibility[,]" [MIO 4] we are not persuaded. Rather, we believe the general public would understand that following a person around a grocery store loudly saying degrading things; following a person to his car and not allowing him to get in; banging, hitting, and kicking the vehicle; jumping in front of the car as the person tries to leave; showing up at the person's home and hitting and kicking doors and windows when the person will not speak to you; and engaging in this conduct regularly, resulting in multiple reports to the police, does not fall within the ambit of "the right to communicate to another in a reasonable manner." *State v. Stephens*, 1991-NMCA-019, ¶ 12, 111 N.M. 543, 807 P.2d 241. Thus, we conclude that Defendant should have been aware from the language of the statute that her conduct was unlawful.

**{3}**     Accordingly, we affirm.

**{4}**     **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

3

_____

**J. MILES HANISEE, Judge**